IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 AUG 18 AM 11: 07

A11 MC 712 SS

| | | |
|---|---|---|
| THERESA MORRIS, WIFE OF BOB MORRIS | § § § | Civil Action No. 09-1052 |
| | § | Judge Elizabeth E. Foote |
| Plaintiff, | § § | Magistrate Judge Patrick J. Hanna |
| v. | § § | |
| JOHN COKER, ALLIS-CHALMERS CORPORATION AND/OR STRATE DIRECTIONAL DRILLING, INC. | § § § § | For a civil action pending in the: UNITED STATES DISTRICT COURT WESTERN DISTRICT OF LOUISIANA |
| Defendants. | § | LAFAYETTE-OPELOUSAS DIVISION |

## NON-PARTY LANCE LANGFORD'S MOTION TO QUASH SUBPOENA

Non-Party Lance Langford ("Langford"), pursuant to FED. R. CIV. P. 45, and other authority, moves to quash the Subpoena issued to him for the following reasons:

### I. Motion to Quash

**A.   Background**

1.   On or about August 9, 2011, a subpoena issued to Langford was left with someone at Langford's house. That subpoena was issued by the United States District Court for the Western District of Texas on behalf of Jonathan L. Woods (the "Subpoena") regarding a matter pending in the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division. *See* Exhibit A. The Subpoena demands that Langford appear for an oral deposition on August 19, 2011 – ten (10) days after it was served on Langford.

2.   Counsel for Langford attempted to confer with counsel for the Subpoenaing party by letter and telephone regarding the requested deposition of Mr. Langford. *See* Exhibit B. Nevertheless, the parties have been unable to agree on the matters raised in this motion.

B.  **This motion to quash is properly filed in the Western District of Texas, Austin Division**

3.  Under federal law, a motion to quash is to be "decided by the issuing court, not the court before which the underlying action is pending." *Houston Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 (D.C. Cir. 1996); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("[Rule 45] provides that failure to obey a subpoena may be deemed contempt 'of the court from which the subpoena issued.' . . . All of this language suggests that only the issuing court has the power to act on its subpoenas. . . . More generally, the rules governing subpoenas and nonparty discovery have a clearly territorial focus. Applications for orders compelling disclosure from nonparties must be made to the court in the district where the discovery is to be taken; failure to comply with such an order is a contempt of that court."); *Dow Chem. Canada, Inc. v. HRD Corp.*, 2010 WL 2680641, *3 (S.D. Tex. 2010) ("Congress in the Rules has clearly been ready to sacrifice some efficiency in return for territorial protection for nonparties"); *Limon v. Berryco Barge Lines, L.L.C.*, 2009 WL 1347363, *2 (S.D. Tex. 2009); *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 893 (S.D. Ind. 2006).

4.  In this case, the Subpoena was issued by the United States District Court for the Western District of Texas for a civil action pending in the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division. Accordingly, the motion to quash is properly filed in the United States District Court for the Western District of Texas – the court that issued the Subpoena.

C.  **This motion to quash is timely filed**

5.  A court must, on timely motion, quash or modify a subpoena if the subpoena fails to comply with the Federal Rules of Civil Procedure. A motion to quash is timely filed if it is

filed before the date action is required. FED. R. CIV. P. 45(c)(3)(A); *Winchester Cap. Mgmt. Co. v. Mfrs. Hanover Trust Co.*, 144 F.R.D. 170, 175-76 (D. Mass. 1992).

6. In this case, the Subpoena demands Langford comply by appearing for a deposition on August 19, 2011. The motion was, therefore, timely filed on August 18, 2011.

**D.     Objections and defects in the Subpoena**

7. For the reasons that will be more fully described below, the Subpoena fails to comply with the requirements of the Federal Rules of Civil Procedure. Accordingly, Langford hereby moves to quash the Subpoena.

8. The Subpoena was not personally served on Langford, but instead was left with someone at his house. The Federal Rules of Civil Procedure require that subpoenas be personally served on the witness – not simply by delivering the subpoena to the witness's house. FED. R. CIV. P. 45(b)(1); *F.T.C. v. Compagnie De Saint-Gobain-Pont-a-Mousson*, 636 F.2d 1300, 1312-13 (D.C. Cir. 1980) ("Federal Rule 45(c), governing subpoena service, does not permit any form of mail service, nor does it allow service of the subpoena merely by delivery to a witness' dwellingplace. Thus, under the Federal Rules, compulsory process may be served upon an unwilling witness only in person."). Accordingly, the Subpoena was never validly served on Langford.

9. The Subpoena violates FED. R. CIV. P. 45 in several respects, and the Court *must* quash the Subpoena for the following reasons:

   a. The Subpoena fails to allow a reasonable time to comply. The Subpoena demands that Langford appear for a deposition on August 19, 2011 but has not yet been served on Langford. Even if Langford was validly served on or about August 9, 2011 – which Langford denies – he would only have ten (10) days to comply with the Subpoena. Langford is unable to

prepare for a deposition and/or review appropriate documents before testifying in this matter in the time permitted for compliance. *See* FED. R. CIV. P. 45(c)(3)(A)(i).

        b.    As discussed below, the Subpoena is not limited in scope and Langford could conceivably be asked to disclose protected material, including trade secret and confidential materials, and no exception applies. *See* FED. R. CIV. P. 45(c)(3)(A)(iii).

        c.    The Subpoena subjects Langford to an undue burden, as the Subpoena is unlimited in scope and Langford has no knowledge of facts relevant to the dispute between Mr. Morris and Mr. Coker. *See* FED. R. CIV. P. 45(c)(3)(A)(iv). Langford, therefore, submits that the Subpoena was issued solely for the purpose of harassment and asks the Court to enter a protective order indicating that he is not required to appear for a deposition pursuant to the Subpoena.

10.    The Subpoena violates FED. R. CIV. P. 45, and the Court *should* quash the Subpoena for the following reason:

        a.    The Subpoena is not limited in scope and Langford could conceivably be asked to disclose protected material, including trade secret or other confidential research, development, or commercial information. *See* FED. R. CIV. P. 45(c)(3)(B)(i). Langford objects to the extent the Subpoena does demand the disclosure of any such materials, and requests the Court define the subject-matter Langford will be deposed on, if anything, or execute an appropriate protective order if the Court orders Langford to appear for a deposition and/or disclose protected material, including trade secret or other confidential research, development, or commercial information. *See* FED. R. CIV. P. 45(c)(3)(A)(iii); *Education Logistics, Inc. v. Laidlaw Transit, Inc.*, 2011 WL 1348401 (N.D. Tex. 2011) (quashing subpoena calling for responses to requests for proposals, sales, licensing fees, budgets); *In re Stewart Title Co.*, 2009

WL 1708079 (S.D. Tex. 2009) (quashing subpoena calling for the production of internal valuations).

E.   **Request for attorneys' fees**

11.   Non-Party Lance Langford has been forced to file this Motion to Quash despite the fact that the Subpoenaing party did not have Langofrd personally served, in violation of the Federal Rules of Civil Procedure. As a result, Mr. Langford respectfully requests the Court award Mr. Langford attorneys' fees in an amount in the discretion of the Court. *See* FED. R. CIV. P. 45(c)(1).

## II. Prayer

WHEREFORE, Non-Party Lance Langford prays that the Court quash the Subpoena in the above captioned matter and for such other and further relief for which he may be entitled.

Dated: August 18, 2011.

Respectfully submitted,

MCGINNIS, LOCHRIDGE & KILGORE, L.L.P
Travis C. Barton
SBN 00790276
tcbarton@mcginnislaw.com
Nicholas P. Laurent
SBN 24065591
nlaurent@mcginnislaw.com
600 Congress Ave., Suite 2100
Austin, Texas 78701
(512) 495-6000
(512) 495-6093 (fax)

By: _/s/ Travis C. Barton_
      Travis C. Barton

**ATTORNEYS FOR NON-PARTIES
BRIGHAM OIL & GAS, L.P.,
ERIK HOOVER, AND LANCE LANGFORD**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 18th day of August, 2011, I hand delivered the foregoing with the Clerk of the Court in the United States District Court for the Western District of Texas. A copy of the foregoing document was also sent via facsimile to the following parties:

Mr. Thomas R. Juneau
Juneau Firm
P O Drawer 51268
Lafayette, LA 70505-1268
337-269-0052
337-269-0061 (fax)

*Attorneys for Defendant Allis-Chalmers Directional Drilling, LLC and New Hampshire Insurance Co.*

Mr. Jonathan L. Woods
Preis & Roy
P O Drawer 94-C
Lafayette, LA 70509
337-237-6062
337-237-9129 (fax)

*Attorneys for Defendant/Intervenor Defendant John Coker*

Mr. Charles A Mouton
Mahtook & Lafleur
P O Box 3605
Lafayette, LA 70502-3605
337-266-2189
337-266-2303 (fax)

*Attorneys for Plaintiff Bob Morris and Theresa Morris*

Mr. Richard A Weigand
Weigand & Levenson
427 Gravier St
New Orleans, LA 70130
504-568-1256
504-525-3368 (fax)

*Attorneys for Intervenor Plaintiff National American Insurance Co. and Tres Management, Inc.*

Mr. Patrick H. Hufft
Hufft & Hufft
635 St Charles Ave
New Orleans, LA 70130
504-522-9413
504-586-9945 (fax)

*Attorneys for Plaintiff Bob Morris and Theresa Morris*

_____
Travis C. Barton