LAW OFFICES
## McGinnis, Lochridge & Kilgore, l.l.p.

600 Congress Avenue
Suite 2100
Austin, Texas 78701

HOUSTON, TEXAS OFFICE
1111 LOUISIANA STREET, SUITE 4500
HOUSTON, TEXAS 77002
(713) 615-8500
FAX (713) 615-8585

AUSTIN, TEXAS OFFICE
(512) 495-6000
FAX (512) 495-6093

WRITER'S DIRECT DIAL NUMBER:
(512) 495-6081
nlaurent@mcginnislaw.com
Fax: (512) 505-6381

August 9, 2011

Mr. Jonathan L. Woods
Preis & Roy
P O Drawer 94-C
Lafayette, LA 70509

*Via E-Mail*

Re:   Civil Action No. 09-1052; *Theresa Morris v. John Coker, et al.*; in the United States District Court for the Western District of Louisiana, Lafayette-Opelousas Division

Dear Mr. Woods:

We are in receipt of the letters and subpoenas you transmitted to my office on August 4, 2011. It is Brigham's understanding that a mediation took place last week which, if successful, would render these subpoenas unnecessary. If a settlement has been reached or if one is imminent, please advise. In any event, I would like to take this opportunity to discuss Brigham Oil & Gas, L.P.'s ("Brigham") response to these various subpoenas.

1)   Subpoena of Brigham

While the revised subpoena does narrow the scope of the documents requested, Brigham still believes the subpoena is overbroad and could be construed to call for the production of confidential and/or trade secret documents. Accordingly, Brigham intends to file a motion to quash to preserve its objections and the confidential nature of its documents.

Subject to the above, Brigham is willing to produce the limited number of documents in its possession that are responsive to the subpoena. Brigham, however, will only agree to produce these documents subject to an appropriate protective order. If a protective order has been entered in this matter, please forward a copy to my attention. If the protective order does not contemplate the production of documents from third-parties, we will need to amend the protective order to provide such protections.

2)   Subpoena of Eric Hoover (individually and through Brigham Oil & Gas, L.P.)

Brigham is willing to produce Mr. Hoover for a deposition at my office if the parties are able to reach an appropriate agreement as to the scope of the deposition. Mr. Hoover's knowledge of the underlying dispute is *extremely* limited and Brigham will seek to limit the scope of the deposition with the assistance of the Court if the parties are unable to agree on an appropriate scope of the deposition of Mr. Hoover.

EXHIBIT B
Blumberg No. 5208

Mr. Jonathan L. Woods
August 9, 2011
Page 2

Additionally, Mr. Hoover is unable to participate in a deposition on August 19, 2011 at 9:00a.m. as indicated in the subpoena, as he will be traveling on Brigham business for the remainder of the month of August. Please let me know what dates you are available for a deposition in September and I will attempt to find a date that accommodates Mr. Hoover's schedule. He is currently available the week of Sept. 12th (except for that Friday the 16th), the week of Sept. 19th and the week of Sept. 26th.

Also, it appears as though the two subpoenas requesting the deposition of Mr. Hoover are identical except one is apparently intended to be served personally on Mr. Hoover while another is apparently intended to be served on Mr. Hoover by and through Brigham. Please advise whether these subpoenas are identical or whether there is some distinction that we are overlooking.

    3)    Subpoena of Lance Langford (individually and through Brigham Oil & Gas, L.P.)

The subpoenas issued by your office demand that Mr. Langford appear for a deposition on August 19, 2011 at 1:00p.m. Mr. Langford has absolutely no knowledge of any facts relevant to the underlying dispute. Accordingly, if your office is unable to withdraw that subpoena, Brigham intends to file a motion to quash on the ground that the subpoena was issued solely to harass Brigham officers.

Also, it appears as though the two subpoenas requesting the deposition of Mr. Langford are identical except one is apparently intended to be served personally on Mr. Langford while another is apparently intended to be served on Mr. Langford by and through Brigham. Please advise whether these subpoenas are identical or whether there is some distinction that we are overlooking.

    4)    Other matters

Additionally, to assist Brigham in locating potentially relevant documents, and to further understand the context of this dispute, please forward to my office a copy of the live pleadings and any deposition transcript of any party in the underlying proceeding. An electronic version of these documents would be adequate.

Should you have any questions about the above, please do not hesitate to contact my office.

Sincerely,

Nicholas P. Laurent

Mr. Jonathan L. Woods
August 9, 2011
Page 3

cc: Mr. Thomas R. Juneau *via facsimile at (337) 269-0061*
Mr. Richard A Weigand *via facsimile at (504) 525-3368*
Mr. Patrick H. Hufft *via facsimile at (504) 586-9945*
Mr. Charles A. Mouton *via facsimile at (337) 266-2303*
Mr. Travis C. Barton (firm)